# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF UTAH.

### OCTOBER TERM, 1903.

THE STATE OF UTAH, Respondent, v. JOHN EDMUNDS, Appellant.

No. 1484.  (73 Pac. 886.)

**Criminal Law: New Trial: Newly Discovered Evidence.**
Where newly discovered evidence alleged as a ground for a new trial established that the witness who gave the strongest evidence against defendant was mistaken in a material matter, or that his testimony was untrue, and in a counter affidavit such witness acknowledged that he had been mistaken in the particular alleged, and the evidence of defendant's guilt was unsatisfactory, it was error to deny a new trial.

(Decided October 16, 1903.)

Appeal from the Seventh District Court, Sanpete County.—*Hon. Jacob Johnson,* Judge.

The defendant was convicted of larceny and appealed.

REVERSED.

*W. K. Reid, Esq.,* and *H. P. Henderson, Esq.,* for appellant.

*Hon. M. A. Breeden,* Attorney-General, and *Hon. W. R. White,* Deputy Attorney-General, for the State.

BARTCH, J.—The defendant was prosecuted for and convicted of the crime of grand larceny, and, upon being sentenced to undergo imprisonment in the penitentiary for a term of four years, he appealed to this court.

The appellant, among other things, insists that the court erred in overruling his motion for a new trial, which motion was based upon the ground of newly discovered evidence, and was supported by affidavits. From the record it appears that the accused was the owner of a small herd of sheep, and on September 15, 1902, purchased 83 head from Benjamin Thomas, and claims he also purchased some from other parties. Afterwards Thomas Davis and Benjamin Davis, who were herding sheep in the same neighborhood as the accused, claimed he had 10 wethers which belonged to them. The accused said the wethers were a part of the 83 head he had purchased, but settled for them with the Davises, and was afterwards arrested and prosecuted. The strongest evidence against him, as appears from the abstract, was that of the witness Benjamin Thomas. He testified that on September 15th he delivered 83 head of sheep to the defendant; that "they were ewes and lambs;" that "if there were any wethers, they were yearlings;" that there were no large wethers in the bunch; that the sheep belonging to the Davis boys, and which the defendant was accused of stealing, "were quite large wethers;" and that the witness had turned no wethers over to the accused except yearlings. From the affidavits filed in support of the motion for a new trial it appears, *inter alia,* that the testimony above referred to was at least in part untrue, for the affidavits show that after the trial and conviction the affiants took a three year old wether from the accused's herd of sheep, and, taking it with them, called upon the witness Thomas, who then, upon his attention being called to the sheep, acknowledged that he delivered that wether to the accused at the time he delivered the bunch of sheep to him. This was not denied by the witness in

State v. Edmunds.

his counter affidavit, and it is thus apparent that he, to say the least, was mistaken as to a material part of his testimony; and it does not appear, nor is it contended, that the testimony referred to in the affidavit could, in the exercise of reasonable diligence on the part of the defendant, have been produced on the trial.

Further reference to the contents of the affidavits is not deemed necessary. It is sufficient to say that they are of such a character, as, under all the circumstances in evidence, warranted the granting of a new trial. If the principal witness for the prosecution was mistaken, or if his testimony was untrue, as to one sheep, he may have been mistaken, or his testimony may have been untrue, as to others. At all events, a careful perusal of the record, as it appears before us, does not seem to satisfy the mind beyond a reasonable doubt that the accused is guilty of the crime charged. We are therefore of the opinion that the motion for a new trial ought to have been granted. Such being the case, we deem it unnecessary to pass upon the other assignments of error, as the questions presented thereby may not, or ought not, arise in another trial.

The judgment must be reversed, and the cause remanded, with directions to the court below to grant a new trial. It is so ordered.

BASKIN, C. J., and McCARTY, J., concur.