381 P.2d 82

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Dennis Sherman KINDER, Defendant and Appellant.**

**No. 9778.**

Supreme Court of Utah.

May 7, 1963.

---

Barton & Klemm, H. Ralph Klemm, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

Defendant appeals from his conviction, by a jury, of the crimes of robbery and grand larceny. He seeks a new trial because (1) of newly discovered evidence and (2) alleged improper cross-examination and rebuttal by the State.

On October 30, 1961, at approximately 8 p. m. an armed man entered the Al Harris Milk Depot in Salt Lake City, held up Daniel L. Kelly, an employee of the milk depot, and took $156.83 from the cash register. The robber had a red bandana handkerchief around the top of his head, but his face was exposed and he appeared to have a three or four days' growth of beard. Kelly was alone in the store at the time of the occurrence.

Kelly was at the time on parole from the Utah State Prison. He reported the incident to the police who exhibited to him photographs of possible suspects. At first, Kelly identified a picture of a man, not the defendant, as being the robber. However, he subsequently was shown a photograph of the defendant and identified him as being the culprit. He also identified him at the trial.

The defendant asserted an alibi as a defense. He claimed that he had left Salt Lake City on the morning of October 30th and was in the state of Arizona at the time of the robbery.

The defendant has filed with this court two affidavits. The first is that of the victim Kelly to the effect that, irrespective of his testimony at the trial, the defendant is not the man who committed the robbery. It should be noted that Kelly's parole was revoked after the crime, and he was returned to the State Prison prior to the time of trial and was a fellow inmate with the defendant at the time he executed the affidavit.

The second affidavit is that of another inmate of the prison. It is to the effect that Kelly advised him that the defendant was innocent, and that he (Kelly) had been paid to testify as he did by a person or persons unnamed, and that such person or persons actually committed the robbery.

Defendant claims that these affidavits constitute newly discovered evidence which is material and could not, with reasonable diligence, have been discovered and produced at the trial, and, therefore, he is entitled to a new trial as provided by

statute.[1] The defendant cites the early cases of State v. Edmunds[2] and State v. King.[3] In both of these cases there was a recantation by witnesses of their testimony given at the trial. Such recantation was made by means of affidavits as in this case. In both of these early cases this court held that a new trial should be granted. However, in both of these cases motions for a new trial were first made to the trial judge and denied by him. In the instant case no application for a new trial has been presented to the trial court. The alleged newly discovered evidence is presented for the first time upon this appeal. This court is not the proper forum to entertain what is, in effect, a motion for a new trial. Its jurisdiction, with the exception of extraordinary writs, is appellate only.[4] Motions for a new trial should be made to the court which tried the case.[5]

Defendant took the witness stand on his own behalf and his direct examination was limited to his alibi—that he had left Salt Lake on the morning of October 30, 1961, and had driven to Tucson, Arizona, arriving there on the morning of the following day. That at the time of the robbery he was on the highway approximately 100 miles north of Flagstaff, Arizona.

Upon cross-examination, which defendant assigns as error, the prosecutor questioned him regarding the type of vehicle he used to make the trip, its ownership, how and when he acquired it, the license plates, its color, and whether or not he had painted it prior to leaving Utah. He was also questioned regarding the date he had arrived in Salt Lake prior to the robbery.

For the most part, objections were not made to these questions. It is apparent from the record that these questions represented an endeavor by the prosecution to discredit the asserted alibi and bore a reasonable relation thereto. Permitting or not permitting this cross-examination rested within the sound discretion of the trial judge, which he did not abuse in this case.

Nor do we think it was error to allow a witness for the State to testify, upon rebuttal, to a conversation with the defendant, prior to the trial, in which the latter related an account of how he acquired the motor vehicle which was inconsistent with the account given at the trial.

Affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

1. 77-38-3(7), U.C.A.1953.
2. 27 Utah 1, 73 P. 886 (1903).
3. 27 Utah 6, 73 P. 1045 (1903).
4. Art. VIII, Sec. 4, Utah Constitution.
5. 24 C.J.S. Criminal Law § 1464.